William Sumner Smith, Defendant in Error, v. Harry Rosenwasser et al., trading as Rosenwasser Brothers, Plaintiffs in Error.

Gen. No. 20,109.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed January 5, 1915.

Statement of the Case.

Attachment suit by William Sumner Smith against Harry Rosenwasser and Morris Rosenwasser, copartners, trading as Rosenwasser Brothers, in New York City, the plaintiff claiming that they owed him $156.96. Tucker & Hagen, a corporation, was served as garnishee. Subsequently the defendants appeared and entered into a recognizance, whereupon the attachment was released. Plaintiff's claim was based upon the refusal of defendants to deliver him certain sandals, resulting in a loss of profits because of his inability to

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

resell the sandals. It appeared that the defendants refused to deliver the goods unless the plaintiff paid cash or procured somebody to guarantee his account for him, though they had contracted to allow him a certain time for payment. The case was tried before the court without a jury, resulting in a judgment against defendants for $156.96, whereupon this writ of error was brought.

CULVER, ANDREWS & KING, for plaintiffs in error.

WILLIS MELVILLE, for defendant in error; ERNEST C. RENIFF, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 381*—*when buyer bound to reduce damages.* Where a seller breached a contract whereby sandals were to be delivered to a purchaser, but the purchaser was notified of the refusal to deliver the goods unless he paid cash or obtained somebody to guarantee his account, and such purchaser could have obtained similar sandals and reduced his damages, it was the duty of such purchaser to so reduce his damages, and only nominal damages were recoverable.

2. SALES, § 376*—*what measure of damages for breach of contract.* In an action for breach of contract in failing to deliver chattels or other commodities, where the purchase price has not been paid, the measure of damages is the difference between the contract price and the market value of the property at the time stipulated for delivery.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.